United States Courts
Southern District of Texas
FILED

DEC 17 2009

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NOS. H-07-406 H-09-666 |
| MICHAEL KIM  Defendant | § § § | |

# PLEA AGREEMENT

The United States of America, by and through Tim Johnson, United States Attorney for the Southern District of Texas and Albert A. Balboni, Assistant United States Attorney, and the defendant, Michael Kim and the defendant's counsel, Kent Schaffer, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## The Parties Agreement

1. The government and the defendant ("Parties") agree that the defendant will plead guilty to Count One of Criminal Information, H-09-666. Count One charges the defendant with conspiracy to unlawfully dispense and distribute hydrocodone, a Schedule III controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(D). The defendant further agrees to persist in that plea through sentencing.

Additionally, the Parties have agreed to a sentence of sixty (60) months confinement, as contemplated under Rule 11(c)(1)(C), to run concurrently with the sentence imposed in cause no. H-07-409. If this agreement is accepted by the Court, the defendant is aware that a sentence of sixty (60) months confinement, will be imposed for his conviction under Count One of the Criminal Information, H-09- 666. If the plea agreement is not accepted by the Court, the defendant can withdraw his guilty plea.

2. The government and the defendant have agreed further to a total sentence of 120 months confinement, as contemplated under Rule 11(c)(1)(C), to run concurrently with the sentence imposed in cause no. H-09-666, as punishment for his conviction by jury on all counts of the indictment under cause no. H-07-409. If this agreement is accepted by the Court, the defendant is aware that a total sentence of 120 months confinement will be imposed for his convictions on all counts of the indictment under cause no. H-07-409. If the plea agreement is not accepted by the Court, the defendant can withdraw his guilty plea and the sentencing of the defendant in cause no. H-07-409 could proceed as originally intended.

3. The government and the defendant agree further that neither party will seek either a departure or a variance from the sentences agreed to in paragraphs 1. and 2. of this agreement.

4.  The government and the defendant agree further that there is no need to prepare a separate presentence investigation report in cause number H-09-666.

### Punishment Range

5.  The maximum statutory penalty for a violation of Title 21, United States Code, Sections 846, 841(a)(1) & 841(b)(1)(D) is imprisonment of not more than five (5) years and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than two years. Title 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3).

6.  The maximum statutory penalty for a violation of Title 18, United States Code, Section 371, is imprisonment of not more than five (5) years and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three years. Title 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3).

7.  The maximum statutory penalty for a violation of Title 18, United States Code, Section 1347, is imprisonment of not more than ten (10) years and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three years. Title 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3).

8.  The maximum statutory penalty for a violation of Title 18, United States

Code, Section 1956(a)(1)(B)(i)), is imprisonment of not more than twenty (20) years and a fine of not more than $500,000 or twice the value of the property involved in the transaction which ever is greater. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three years. Title 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3).

9. The maximum statutory penalty for a violation of Title 18, United States Code, Section 1957, is imprisonment of not more than ten (10) years and a fine of not more than $250,000 or twice the value of the property involved in the transaction which ever is greater. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three years. Title 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3).

10. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for up to two to three years, without credit for time already served on the term of supervised release prior to such violation. Title 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

11. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Restitution, Forfeiture and Fines

12. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that Defendant will make a full and complete disclosure of all assets over which Defendant exercises direct or indirect control, or in which Defendant has any financial interest.

13. Defendant agrees he has made a complete financial disclosure to the United States by truthfully executing a sworn financial statement (Form OBD-500). Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the Defendant's complete financial disclosure.

14. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

## Restitution

15. Defendant agrees to pay full restitution to the victim, the Medicare program. Defendant stipulates and agrees that as a result of his criminal conduct the Medicare program incurred a monetary loss of $10,842,098.18. Defendant understands the Court will determine the amount of full restitution to compensate the Medicare program.

## Forfeiture

16. Defendant agrees to forfeit whatever interest Defendant has in assets related to this case. Defendant further stipulates and agrees that the property listed in the indictment is subject to forfeiture.

17. Defendant stipulates and agrees that the factual basis for his guilty plea and his convictions in cause no. H-07-409 support the forfeiture of $1,152,063.00.

Defendant agrees to a personal money judgment for $1,152,063.00 against him and in favor of the United States.

18. Defendant stipulates and admits that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Defendant agrees to forfeit any of Defendant's property, or Defendant's interest in any property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

19. Defendant agrees to waive any and all interest in any asset which is the subject of any related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

20. Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(3).

21. Defendant waives the right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

### Fines

22. Defendant understands that under the Sentencing Guidelines, the Court may order the defendant to pay a fine to reimburse the government for the costs of any imprisonment or term of supervised release.

23. Defendant agrees that any fine or restitution imposed by the Court will be

due and payable immediately, and defendant will not attempt to avoid or delay payment.

## Waiver of Appeal

24. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal his convictions and the sentences imposed or the manner in which they were determined in both United States v. Michael D. Kim, H-09-666 and United States v. Michael D. Kim, H-07-409 **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his convictions or sentences by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651, 2241 and 2255**.

25. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. **If the defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of these provisions.**

## The United States' Agreements

26. The United States agrees that if the defendant pleads guilty to Count One of the Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will not further criminally prosecute the defendant for conduct occurring from 2002 through and 2008 similar to the conduct charged in Count One of the Criminal Information and all conduct charged in the Indictment in cause no. H-07-409.

## United States' Non-Waiver of Appeal

27. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Rights at Trial

28. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charge in United States v. Michael Kim, H-09-666, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

29. Defendant is pleading guilty because he _is_ guilty of the charge contained in Count One of the Criminal Information at cause no. H-09-666. If this case were to proceed to trial, the United States could prove each element of the offense beyond

a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

From at least January 2005 through July 2008, the defendant, Michael D. Kim, M.D., sold "drug cocktail" prescriptions to drug users and addicts for cash. The prescriptions were usually for hydrocodone, alprazolam and carisoprodol. The prescriptions were outside of Kim's professional practice and were not for a medical purpose. Kim's "patients" began arriving in the clinic parking lot to see Kim as early as 6:00 a.m. even though Kim routinely arrived at 10:00 a.m. During this time period, many of Kim's illegal prescriptions were filled by agreement at Prime Pharmacy by pharmacist Chul Choi. Prime Pharmacy was located next door to Kim's medical clinic at 477 West Parker Road, Houston, Texas. Choi alone filled Kim prescriptions totaling 1,766,517 tablets of hydrocodone in a two-year period.

### Breach of Plea Agreement

30. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, the United States may move the Court to

set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Complete Agreement

31. This written plea agreement, consisting of 15 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

32. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at **Houston**, Texas, on **December 17**, 2009.

*Michael Kim* (signature)
Michael Kim
Defendant

Subscribed and sworn to before me on **December 17, 2009**, 2009.

UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

TIM JOHNSON
United States Attorney

By: _____        _____
Albert A. Balboni                                                    Kent Schaffer
Assistant United States Attorney                        Attorney for Defendant
Southern District of Texas
Telephone: 713-567-9726
Facsimile: 713-718-3304

Page 13 of 15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal Nos. H-09-666 H-07-409 |
| MICHAEL KIM           Defendant | § § | |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to defendant his rights with respect to the pending Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____          12-17-09
Kent Schaffer                                        Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    12-17-09
Michael Kim                      Date
Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-07-406 |
| MICHAEL D. KIM | § | |

## SUPPLEMENTAL RESTITUTION AGREEMENT

The United States and the Defendant, Michael D. Kim, stipulate and agree that in addition to the items listed in the initial restitution agreement (dkt. entry # 134), the following described funds should be applied as Defendant's partial payment toward the Court's restitution order.

1. The income tax refund for approximately $41,478.00, issued by the IRS to Defendant, Michael Kim, and his wife Norma Kim. The refund will be tendered to the Clerk of Court by Norma Kim's attorney, Jim Lavine, for partial payment toward the Defendant's restitution obligation as imposed by the Court in the above cause.

Approved in Form and Substance:

By: _____
Michael Kim, Defendant

By: _____        By: _____
Kent Schaeffer                                    Albert A. Balboni
Attorney for Defendant                     Assistant U.S. Attorney